**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURJEET SINGH; NARENDRA KAUR; NAVREET KAUR, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2995 <br><br> Agency Nos. <br> A220-721-705 <br> A220-940-686 <br> A220-940-687 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2025[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Gurjeet Singh ("Singh"), Narendra Kaur, and their minor child (collectively,

"Petitioners"), all natives and citizens of India, petition for review of the decision

of the Board of Immigration Appeals ("BIA") denying their application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Petitioners' CAT claim was initially denied by an Immigration Judge ("IJ") along with their applications for asylum and withholding from removal. On appeal, the BIA affirmed only the denials of asylum and withholding and remanded the CAT claim to the IJ for further consideration, after concluding that the IJ failed to address all relevant evidence in the record regarding future torture. Upon consideration of the evidence on remand, the IJ again denied CAT relief and the BIA adopted the IJ's decision. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.

The BIA adopted and affirmed the IJ's denial of CAT relief citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (1994). "[W]here the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). We also review any "additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008).

1.     Substantial evidence supports the BIA's finding that Singh did not suffer past torture. On remand, the IJ found that, based on the BIA's conclusion that Singh's two prior beatings did not constitute harm rising to the level of persecution for asylum or withholding, Singh also failed to show past torture through the same facts. While CAT and asylum require separate inquiries, "torture

is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Thus, in upholding the IJ's determination, the BIA did not err in finding that the prior attacks on Singh did not meet the higher standard for torture under CAT.

2.      Substantial evidence supports the BIA's conclusion that Petitioners did not show a particularized fear of future torture after consideration of all evidence on remand. "CAT's implementing regulations explicitly require the agency to consider 'all evidence relevant to the possibility of future torture.'" *Parada v. Sessions*, 902 F.3d 901, 914-15 (9th Cir. 2018) (cleaned up). The BIA concluded that the IJ had "properly considered" all evidence relevant to CAT on remand, including the previously omitted written statement by Singh detailing the police's threats of false arrest.

For CAT, the regulations require a "specific intent to inflict severe harm," and therefore "[a]cts that merely have the foreseeable result of inflicting harm are not sufficient." *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011) (citing 8 C.F.R. § 1208.18(a)(5)). The BIA adopted the IJ's finding that the vague nature of the threat of false arrest and the uncertainty that physical harm would accompany any such arrest did not establish foreseeable torture. Further, the agency properly considered testimonial and country conditions evidence in finding that Petitioners

did not establish a likelihood of future torture. *See Parada*, 902 F.3d at 915. The IJ found that the documented incidents of harm in Petitioners' supporting articles constituted "generalized evidence of violence and crime," which is insufficient to establish a likelihood that Petitioners would be tortured anywhere in India. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Substantial evidence therefore supported the BIA's finding that record evidence did not compel the conclusion that Petitioners had a particularized risk of future torture.

3. To the extent that Petitioners challenge the BIA's prior decision denying asylum and withholding of removal, those arguments are waived. Petitioners solely appealed the IJ's denial of CAT on remand to the BIA and is therefore the only issue before this court. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

4. The BIA's suggestion that Petitioners' challenge to the IJ's finding of reasonable relocation for CAT was "foreclosed" by the BIA's prior decision denying asylum and withholding misstates the law. "Among its assessment of 'all evidence relevant to the possibility of future torture,' the IJ must consider 'evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured.'" *Xochihua-Jaimes v. Barr,* 962 F.3d 1175, 1186 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(3)(ii)). While the IJ addressed the relocation inquiry with respect to its original decision denying

asylum and withholding, it did not do so for CAT. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022). On remand, the IJ considered evidence relevant to the possibility of future torture that had not yet been addressed, which in turn requires reassessment of the possibility of relocation. Accordingly, Petitioners' challenge to the IJ's review of relocation with respect to CAT was not foreclosed. However, the BIA's denial of CAT is supported by substantial evidence, so the BIA's suggestion that a challenge to the relocation finding was foreclosed constitutes harmless error. *See Zamorano v. Garland*, 2 F.4th 1213, 1227-28 (9th Cir. 2021).

**PETITION DENIED.**[1]

---

[1] Petitioners' motion to stay removal, Dkt. 3, is denied. The temporary stay of removal is vacated upon issuance of the mandate.